104 F.3d 1407
 323 U.S.App.D.C. 59
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Raynard D. PATE, Appellant.
 No. 96-3041.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 14, 1996.
 
 Before: SILBERMAN, RANDOLPH, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir. Rule 36(b). It is
 
 
 2
 ORDERED and ADJUDGED that appellant's conviction be affirmed. The police officer's testimony, which the district court found credible, established that appellant's brief stop at a residence under surveillance for drug trafficking precisely during the same time the owner of the residence paged a confidential informant ("CI") to notify the CI that the CI could come to the residence to purchase drugs, coupled with the CI's information that the appellant was going to purchase drugs from the residence of the house under surveillance, created a totality of circumstances giving rise to a reasonable articulable suspicion that criminal activity might be afoot and that appellant might be armed and dangerous. See Terry v. Ohio, 392 U.S. 1, 30 (1968). Furthermore, the officer properly conducted a protective search for weapons upon noticing a bulge in appellant's waist. Id. at 24. The district court did not clearly err in determining that the officer's removal of the bulging object was simultaneous with her discovery, immediately upon touching the bulge, that the object was narcotics. Thus, the narcotics were properly seized as their incriminating nature was immediately apparent during a lawful pat down search. Minnesota v. Dickerson, 113 S.Ct. 2130 (1993).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.